*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0299**

State of Minnesota,
Respondent,

vs.

B. T. H.,
Appellant.

**Filed August 15, 2016
Affirmed
Jesson, Judge**

Hennepin County District Court
File No. 27-CR-09-57882

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Toni A. Beitz, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

B.T.H., Stillwater, Minnesota (pro se appellant)

Considered and decided by Jesson, Presiding Judge; Halbrooks, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JESSON**, Judge

In this pro se appeal, appellant B.T.H. argues that the district court abused its discretion by denying his petition to expunge his criminal records. We affirm.

**FACTS**

In October 2009, appellant B.T.H. was charged in Hennepin County district court with one count of felony theft by swindle and one count of attempted felony theft by swindle. The complaint alleges that B.T.H. and an accomplice affixed false barcodes to retail products. When scanned, the false barcodes displayed an inaccurate cost, allowing B.T.H. and his accomplice to purchase the items at amounts significantly below their actual retail price. The fraudulent purchases occurred at Target and Wal-Mart stores over a period of several weeks. The loss to the stores as a result of items successfully purchased by B.T.H. and his accomplice was $4,946. They also attempted to purchase additional merchandise that would have cost the stores $1,806 but were unsuccessful.

B.T.H.'s case was continued without a plea for one year. B.T.H. agreed to be supervised by a pre-trial diversion program during this one-year period. As conditions of diversion, B.T.H. was required to pay restitution, have no further criminal involvement, participate in counseling, and maintain contact with the diversion program. B.T.H. complied with these conditions, and in May 2011, the state dismissed the charges against him.

On August 10, 2015, B.T.H. filed a notice of hearing and petition for expungement, asking the district court to seal records related to the theft-by-swindle charges. In his petition, B.T.H. stated that he was seeking expungement because he had been unable to find employment as a result of his record. He cited his graduation from the University of St. Thomas and his attempts to gain employment as the steps he had taken toward rehabilitation.

On November 19, 2015, a hearing was held before a referee on B.T.H.'s petition. No written objections were filed prior to the hearing. B.T.H. and a representative of the Hennepin County Attorney's Office appeared at the hearing. B.T.H. was placed under oath, and the referee asked B.T.H. if he had been charged with any crimes since completing diversion. B.T.H. said no. When asked if she had any objection to the petition, the state's representative noted her concern that a gross-misdemeanor driving-while-impaired (DWI) charge was filed against B.T.H. on November 13, six days before the hearing. The referee then questioned B.T.H. about this new charge. B.T.H. initially said that he was not aware of any new charges, but when asked if he had recently been arrested, admitted that he had been "detained" for a DWI.

At the hearing, B.T.H. also noted that he had paid a large amount of restitution, had completed a bachelor's degree in business management, and had a job interview. He said that the interview went well, but he was told that he could not be hired because of his criminal record.[1]

The referee denied B.T.H.'s request for expungement. The referee's order was approved by a district court judge. This appeal follows.

---

[1] In his principal and reply briefs, B.T.H. discusses additional information about his employment and educational background and his difficulty finding housing. Because that information is not part of the district court record, we do not consider it on appeal. *See* Minn. R. Civ. App. P. 110.01 ("The documents filed in the trial court, the exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases.").

**DECISION**

Minnesota Statutes chapter 609A provides the grounds and procedures for expungement of criminal records. Minn. Stat. § 609A.01 (2014). A petition may be filed to seal all records relating to an arrest or charge if "the petitioner has successfully completed the terms of a diversion program . . . and has not been charged with a new crime for at least one year since completion of the diversion program." Minn. Stat. § 609A.02, subd. 3(a)(2) (2014). The district court must grant such an expungement petition "unless the agency or jurisdiction whose records would be affected establishes by clear and convincing evidence that the interests of the public and public safety outweigh the disadvantages to the petitioner of not sealing the record." Minn. Stat. § 609A.03, subd. 5(b) (2014). Clear and convincing evidence requires "more than a preponderance of the evidence but less than proof beyond a reasonable doubt," and the standard is satisfied when "the truth of the facts asserted is highly probable." *Weber v. Anderson*, 269 N.W.2d 892, 895 (Minn. 1978) (quotation marks omitted). In making this determination, the district court must consider factors including: the nature and severity of the crime; the risk petitioner poses to individuals or society; the steps the petitioner has taken toward rehabilitation; the petitioner's record of employment; recommendations of interested law enforcement, corrections, or prosecutorial officials; the amount, if any, of outstanding restitution; and the petitioner's criminal record. Minn. Stat. § 609A.03, subd. 5(c) (2014). The district court may also consider other factors that it deems relevant. *Id.*, subd. 5(c)(12).

4

We review a district court's expungement decision for an abuse of discretion. *State v. R.H.B.*, 821 N.W.2d 817, 822 (Minn. 2012). Under this standard, we will not overrule the district court unless the court's order is arbitrary, capricious, based on an erroneous interpretation of the law, or against the facts in the record. *Id.* The findings of a referee, to the extent approved by the district court, are considered the findings of the district court. Minn. R. Civ. P. 52.01.

The district court issued a thorough and thoughtful order. The order correctly notes that because B.T.H. successfully completed a diversion program and was not charged with a new offense for at least one year following completion, it was the state's burden to prove by clear and convincing evidence that expungement was not appropriate. The district court then noted that it had considered the factors listed in Minn. Stat. § 609A.03, subd. 5(c). The district court listed several factors weighing in B.T.H.'s favor. B.T.H. had graduated from college, was seeking employment, and had paid restitution in full. The district court was concerned, however, that B.T.H. had recently been arrested and charged with several crimes including gross-misdemeanor DWI. The district court noted that the alleged offenses occurred after the expungement petition was filed and that B.T.H. was evasive when asked by the district court if he had been charged with the offenses. The district court also noted that the DWI complaint states that B.T.H. had previously been convicted of DWIs in 2007 and 2009. In addition to the new charges, the district court was concerned about the seriousness of the offenses B.T.H. sought to have expunged. The court noted that the crimes involved a "sophisticated scheme" and "dozens of thefts totaling nearly $5,000 in property stolen." The district

5

court concluded that the state had met its burden. It found that B.T.H.'s "ongoing inability to comply with the DWI laws (putting other people to risk of injury or death) and lack of candor at the hearing demonstrate that [B.T.H] is certainly not rehabilitated and has not yet achieved that major goal of a diversion program."

B.T.H. argues that the district court abused its discretion by denying his expungement petition. He claims that by failing to clearly object to expungement, the state failed to meet its burden to establish by clear and convincing evidence that expungement should be denied. The state acknowledges that it did not object in writing, but argues that it met its burden by presenting evidence at the hearing that B.T.H. was charged with a new offense after he filed his petition for expungement.

The expungement petition and notice of hearing states that "[a]ny objection to expungement in this case shall be filed with the court as soon as possible, and within 60 days." It is undisputed that no written objection was filed in district court. But chapter 609A does not require such an objection. *See* Minn. Stat. § 609A.01 to .04 (2014). B.T.H. also points to no case law requiring a written objection to be filed prior to the hearing. Moreover, the new charges were not filed against B.T.H. until November 13, 2015, more than 60 days after the expungement petition was filed and less than a week before the hearing.

At the November 19 hearing, when asked if she had any objections to expungement, the state's representative said, "I am concerned that I see [a] gross misdemeanor DWI filed on November 13th in Washington County just this year, like last

week." In doing so, the state raised an objection to the expungement petition and placed evidence of the new charges before the district court.

In denying the expungement petition, the district court properly weighed B.T.H.'s payment of restitution, graduation from college, and attempts to gain employment against the seriousness of the underlying offense, the new charges, and B.T.H.'s lack of candor. The district court applied the appropriate legal standard and considered the factors listed in Minn. Stat. § 609A.03, subd 5(c), in concluding that "[t]he law enforcement agencies or jurisdictions whose records would be affected have established by clear and convincing evidence that the interests of the public and public safety outweigh the disadvantages to the Petitioner of not sealing the record." The district court did not abuse its discretion by denying B.T.H.'s expungement petition.

**Affirmed.**